UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **SHIRLEY AGAN,** | § |
| | § |
| *Plaintiff* | § |
| | § |
| v. | § Civil Action No. 5:21-cv-00150 |
| | § |
| **REGION 8 EDUCATION SERVICE CENTER; AND IN THEIR OFFICIAL CAPACITIES: DR. DAVID FITTS; MS. JANICE MCCLURE; MS. MIKKI PERRY; DR. RICHELE LANGLEY; MS. MICHELE LEACH** | § |
| | § |
| *Defendants.* | § |

**DEFENDANT MIKKI PERRY'S ORIGINAL ANSWER**

Pursuant to Federal Rule of Civil Procedure 8, Defendant Mikki Perry files her Original Answer ("Answer") to Plaintiff Shirley Agan's Original Complaint ("the Complaint") and reserves the right to file other and further pleadings, exceptions, and denials. Defendant files this Answer subject to her Partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant respectfully shows the Court as follows:

**I.  ANSWER**

1. Defendant admits the allegation in Paragraph 1 of the Complaint that Plaintiff has worked with Region 8 as a behavior and classroom-management consultant for over seventeen years. Defendant denies the allegation in Paragraph 1 of the Complaint that Plaintiff's dog qualifies as a "service animal" under federal or Texas law. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1; therefore, the remaining allegations must be denied.

2. Defendant admits the allegation in Paragraph 2 of the Complaint that Region 8 does not allow Plaintiff's dog on Region 8's premises. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. The statement in Paragraph 3 of the Complaint constitutes a legal conclusion to which Defendant need not reply. To the extent that the statement may be construed as containing an allegation of fact, Defendant denies any such allegation.

4. The statement in Paragraph 4 of the Complaint constitutes a legal conclusion to which Defendant need not reply. To the extent that the statement may be construed as containing an allegation of fact, Defendant denies any such allegation.

5. Defendant admits the allegation in Paragraph 5 of the Complaint.

6. Defendant admits the allegation in Paragraph 6 of the Complaint that Region 8 is an education service center servicing forty-six rural school districts in the state of Texas. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits the allegation in Paragraph 7 of the Complaint that Dr. David Fitts is the Executive Director for Region 8. Defendant admits that Plaintiff purports to sue Dr. David Fitts in his official capacity; however, Defendant denies that such suit against Dr. Fitts is proper.

8. Defendant denies the allegation in Paragraph 8 of the Complaint that Janis McClure is the Director of Special Services at Region 8. Defendant admits that Plaintiff purports to sue Janis McClure in her official capacity; however, Defendant denies that such suit against Ms. McClure is proper.

9. Defendant denies the allegation in Paragraph 9 of the Complaint that Mikki Perry is the Director of Special Services at Region 8. Defendant admits that Plaintiff purports to sue

Mikki Perry in her official capacity; however, Defendant denies that such suit against Ms. Perry is proper.

10. Defendant denies the allegation in Paragraph 10 of the Complaint that Dr. Richele Langley is the Director of Special Services at Region 8. Defendant admits that Plaintiff purports to sue Dr. Richele Langley in her official capacity; however, Defendant denies that such suit against Dr. Langley is proper.

11. Defendant admits the allegation in Paragraph 11 of the Complaint that Michele Leach is the Chief Finance and Operations Officer at Region 8. Defendant admits that Plaintiff purports to sue Michele Leach in her official capacity; however, Defendant denies that such suit against Ms. Leach is proper.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegation in Paragraph 13 of the Complaint.

14. Defendant admits the allegation in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint; therefore, the allegations are denied.

16. The statements in Paragraph 16 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

17. Defendant denies the allegation in Paragraph 17 of the Complaint that Plaintiff's dog is a service animal that has been individually trained to do work and perform tasks to assist Plaintiff with her disability. Defendant denies the allegation in Paragraph 17 of the Complaint that Plaintiff's dog typically lies quietly by Plaintiff's side when Plaintiff and the dog are not walking or moving. Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 17 of the Complaint; therefore, the remaining allegations are denied.

19. Defendant admits the allegation in Paragraph 19 of the Complaint that on October 23, 2018, Plaintiff was giving a presentation to a group of teachers and administrators as part of her job responsibilities at the Region 8 Education Service Center located at 4845 US Highway 217 North in Pittsburg, Texas. Plaintiff's assertion that Plaintiff's dog is a "service animal" is a legal conclusion requiring neither admission nor denial; however, to the extent that the assertion may be construed as containing an allegation of fact, Defendant denies any such allegation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint; therefore, the remaining allegations in Paragraph 19 are denied.

18. The statement in Paragraph 18 of the Complaint constitutes legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint; therefore, the allegations in Paragraph 20 are denied.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint; therefore, the allegations in Paragraph 21 are denied.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint; therefore, the allegations in Paragraph 22 are denied.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint; therefore, the allegations are denied.

24. Defendant denies the allegations in Paragraph 24 of the Complaint that Plaintiff and her dog completed the additional training requested by Region 8 off-site with Texas K-9 Rehab. Defendant further denies that Plaintiff provided Defendant with written proof that Plaintiff and her dog completed the additional training they requested. Defendant admits the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegation in Paragraph 25 of the Complaint that Plaintiff's dog completed additional training. Defendant admits the remaining allegations in Paragraph 25 of the Complaint.

26. The statements in Paragraph 26 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 of the Complaint that Region 8 refused to allow Plaintiff's dog to accompany Plaintiff in the workplace. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegation in Paragraph 31 of the Complaint that Defendant worsened Plaintiff's workplace conditions since the start of this ongoing ordeal. Defendant admits the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant admits the allegation in Paragraph 32 of the Complaint that on or about June 10, 2019, Region 8 relocated Plaintiff's office to the first floor of the building. Defendant denies the allegation in Paragraph 32 of the Complaint that there are numerous obstacles between the door and the actual office. Defendant admits the remaining allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegation in Paragraph 35 of the Complaint that rather than provide reasonable accommodations, Defendant has questioned the nature and severity of Plaintiff's disability. Defendant denies the allegation in Paragraph 35 of the Complaint that Defendant implied that since Plaintiff participated in an event intended to benefit those suffering from MS, Plaintiff's disability must not be as bad as she claims. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint; therefore, the remaining allegations are denied.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits the allegation in Paragraph 37 of the Complaint that Plaintiff was allowed to work from home at the onset of the COVID-19 pandemic. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 37 of the Complaint that Plaintiff's main prescription medications are immune suppressors, leaving Plaintiff susceptible to contracting the virus and severe complications; therefore, the allegation is denied. Defendant denies the allegation in Paragraph 37 of the Complaint that Defendant's refusals to allow Plaintiff to work from home as requested were without merit. Defendant admits the allegation in Paragraph 37 of the Complaint that Region 8 required Plaintiff to return to the office

on January 4, 2021. Defendant denies the allegation in Paragraph 37 of the Complaint that Defendants ignored Plaintiff's request to continue to work from home.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. To the extent that Paragraph 40 of the Complaint is construed to allege a fact, Defendant denies any such allegation.

41. Defendant admits the allegations in Paragraph 41 of the Complaint.

42. Defendant admits the allegation in Paragraph 42 of the Complaint.

43. The statements in Paragraph 43 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

44. The statements in Paragraph 44 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

45. The statements in Paragraph 45 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

46. The statements in Paragraph 46 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

47. The statements in Paragraph 47 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

48. To the extent that Paragraph 48 of the Complaint is construed to allege a fact, Defendant denies any such allegation.

49. Defendant admits the allegation in Paragraph 49 of the Complaint.

50. The statements in Paragraph 50 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegation in Paragraph 52 of the Complaint that Plaintiff has repeatedly requested reasonable accommodations. Defendant admits that Region 8 promised to engage in the accommodation process.

53. The statements in Paragraph 59 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

54. The statements in Paragraph 54 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

55. To the extent that Paragraph 55 of the Complaint is construed to allege a fact, Defendant denies any such allegation.

56. Defendant denies the allegation in Paragraph 56 of the Complaint to the extent that Plaintiff is alleged to be a qualified individual under Title II of the ADA.

57. Defendant admits the allegation in Paragraph 57 of the Complaint.

58. The statements in Paragraph 58 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

59. The statements in Paragraph 59 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

60. The statements in Paragraph 60 of the Complaint constitute legal analysis and/or conclusions to which Defendant need not reply. To the extent that the statements may be construed as containing an allegation of fact, Defendant denies any such allegation.

61. Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs 61-67 of the Complaint.

## II.  DEFENSES

62. Defendant asserts the defense of undue hardship to Region 8 regarding Plaintiff's request for the use of the specific animal in question in the workplace.

63. Defendant asserts the defense that Plaintiff's request for the use of the specific animal in question in the workplace is not a reasonable accommodation.

64. Defendant asserts the defense that Plaintiff's request for the use of the specific animal in question in the workplace poses a direct threat to the health and safety of individuals in the workplace.

65. Defendant asserts the defense that the challenged employment practice relating to Plaintiff's request for the use of the specific animal in question in the workplace is a business necessity.

### III.  REQUEST FOR RELIEF

Defendant Mikki Perry respectfully request that, upon final hearing of this matter, the Court enter an order denying Plaintiff's requested relief.

        Respectfully submitted,

        **POWELL LAW GROUP, LLP**
        1001 E. Southeast Loop 323, Ste. 450
        Tyler, Texas 75701
        Phone: (903) 526-6618
        Fax: (512) 494-1177

By: /s/ Trevor B. Hall
        Trevor B. Hall
        State Bar No. 24036706
        E-mail:  thall@plg-law.com
        *Lead Attorney*
        *Attorney to be Noticed*

        Kevin Rhyne
        State Bar No. 00797309
        E-mail: krhyne@plg-law.com
        *Attorney to be Noticed*

        **ATTORNEYS FOR DEFENDANT
        MIKKI PERRY**